IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUBEN MARTINEZ § | |
| § | |
| Plaintiff § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:18-cv-00471-FB |
| § | |
| § | |
| SOUTH SAN ANTONIO § | |
| INDEPENDENT SCHOOL DISTRICT § | |
| § | |
| Defendant § | |

## PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **RUBEN MARTIENZ**, hereafter referred to as "Mr. Martinez" or "Plaintiff," and files this, his Amended Complaint and Jury Demand against Defendant South San Antonio Independent School District ("SSAISD", or "Defendant"). Mr. Martinez alleges violations of the Texas Commission on Human Rights Act, and the Family and Medical Leave Act (FMLA). For causes of action, Mr. Martinez would show this Court as follows:

## I.
## PARTIES

1. Plaintiff **RUBEN MARTINEZ** is a resident of San Antonio, Bexar County, Texas.

2. Defendant, **SOUTH SAN ANTONIO INDEPENDENT SCHOOL DISTICT**, is a Political Subdivision of the State of Texas. Defendant has appeared in this matter.

## II.
## MISNOMER / MISIDENTIFICATION

1

3. In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## III.
## FACTS

1. Mr. Martinez began working for Defendant's maintenance department during the 1991-1992 school year.

2. In 2008, Mr. Martinez informed the District that he had a heart condition.

3. In May of 2014, Mr. Martinez received a performance evaluation stating that he exceeded expectations, was an excellent employee, and was told to continue his good work.

4. On or about February 6, 2015, Mr. Martinez was transferred from the Maintenance Department to the Athletic Department.

5. On or about September 14, 2016, Mr. Martinez had a conference with Yolanda Cepeda, the head custodian, and Dyanne Martinez-Munoz, the Assistant Director of Athletics, about alleged performance problems.

6. During that meeting Cepeda complained that Martinez was seen taking a break.

7. Martinez informed her that he was diabetic and could get light headed on the job and that he would take water breaks, and would sometimes stop when his sugar levels dropped.

8. Dyanne Martinez-Munoz documented that Mr. Martinez told her that he was 69 years old and would take water breaks when he was light headed due to his diabetes. She further documented that she had told Martinez to get her a doctor's now with restrictions.

2

9. Mr. Martinez was also told that he should be able to do as much work as Alfred Fabro, a younger employee, by Cepeda and Martinez-Munoz.

10. On the morning of September 15, 2016, Mr. Martinez contacted supervisors Denise Menchaca and Rosey Sandoval and informed them that his wife Linda had passed out in the shower and he was taking her to the hospital, and that he would be out for 2 days.

11. In contrast, Dyanne Martinez-Munoz noted that Mr. Martinez had called in and said he was using sick leave.

12. At 4:00 p.m. on September 15, Robert Zamora, the Director of Athletics, sent an email to Superintendent Dr. Saavedra recommending that Martinez be terminated, because of "His inability and/or refusal to perform assigned tasks due to his alleged health issues (i.e. bad heart and back)." The letter goes on to say that Martinez should be terminated due to "His refusal to bring in the requested doctor's note stating his alleged health issues and work restrictions."

13. On September 16, 2016 at 11:12 am, Monica Lopez sent an email to Dr. Saavedra concurring with Zamora that Martinez should be terminated.

14. On September 16, 2016, Robert Zamora, the Director of Athletics sent a letter to Superintendent Abelardo Saavedra recommending termination because of "His inability and/or refusal to perform assigned tasks due to his alleged health issues (i.e. bad heart and back)." The letter goes on to say that Martinez should be terminated due to "His refusal to bring in the requested doctor's note stating his alleged health issues and work restrictions."

15. The letter goes on to say that "Ruben Martinez brings down the departments morale with his poor work ethics and his continuous abuse of equipment which causes more work for the rest of the Athletic Department crew in the long run."

16. Martinez was informed of his termination on September 21, 2016.

## IV.
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

17. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et. seq.*

18. Defendant is an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4)(B).

19. Defendant employed, and continues to employ, fifty or more persons at, or within a seventy-five (75) mile radius of, the location where Plaintiff worked. Thus it is believed Defendant was covered by the FMLA.

20. During the time that Plaintiff was employed by Defendant, he was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

21. Additionally, Defendant is a "public agency," and is therefore covered by the FMLA regardless of how many employees it has.

22. During the time that Plaintiff was employed by Defendant Plaintiff's wife had cancer illness or medical condition that can be defined as a "serious health condition" under the FMLA as outlined in 29 U.S.C. § 2611(11). Plaintiff was entitled to family leave to assist his wife with her serious health condition as provided for in the FMLA in 29 U.S.C. § 2612(a)(1)(C).

23. Plaintiff requested time off in order to help his wife with her medical condition, cancer.

24. Defendant retaliated against Plaintiff for taking or requesting the family leave to assist his wife with her serious medical condition.

25. As a result of Defendant's violations of the FMLA, Plaintiff has suffered actual damages in the form of lost income and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

## V.
## DISABILITY DISCRIMINATION UNDER THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

26. The evidence will show that:

   a) Plaintiff was actually disabled due to his medical condition of diabetes and a heart condition;

   b) Plaintiff was qualified for his position;

   c) Plaintiff suffered an adverse employment action in that he was terminated; and

   d) The circumstances arising raise an inference of disability discrimination. Plaintiff had a stellar record over his 25+ year career, yet when he asked for water breaks Defendant claimed that he did not know how to do his job and brought down morale. Additionally, the termination recommendation letters specifically mentions Plaintiff's medical conditions.

27. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

28. When Plaintiff requested an accommodation of taking water breaks Defendant failed to accommodate Plaintiff or engage in the interactive process as required by the TCHRA. Instead Defendant retaliated against Plaintiff and terminated him.

29. The evidence will further demonstrate that other employees without disabilities were treated more favorably than Mr. Martinez. Plaintiff suffered an adverse employment action in that he was terminated; and, the circumstances arising raise an inference of disability discrimination.

5

30. Additionally the evidence will show that:

   a) Plaintiff was perceived as disabled by Defendant due to his medical condition of diabetes and his heart condition (defendant claiming that plaintiff was unable or refused to perform tasks due to his health);

   b) Plaintiff was qualified for his position;

   c) Plaintiff suffered an adverse employment action in that he was terminated; and

   d) The circumstances arising raise an inference of disability discrimination. Plaintiff had a stellar record over his 25+ year career, yet when he asked for water breaks Defendant claimed that he did not know how to do his job and brought down morale. Additionally, the termination recommendation letters specifically mentions Plaintiff's medical conditions.

31. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

32. The evidence will further demonstrate that other that were not regarded or perceived as disabled were treated more favorably than Mr. Martinez. Plaintiff suffered an adverse employment action in that he was terminated; and, the circumstances arising raise an inference of disability discrimination.

## VI.
## AGE DISCRIMINATION UNDER THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

33. The evidence will show that:

   a) Plaintiff was within the category of persons protected by the ADEA in that he was 69 years old at the time he was terminated;

   b) Plaintiff was qualified for his position;

   c) Plaintiff suffered an adverse employment action in that he was   terminated and;

   d) The circumstances arising raise an inference of age discrimination.

34. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

35. The evidence will further demonstrate that other younger employees were treated more favorably than Mr. Martinez.

## VII.
## RESPONDEAT SUPERIOR

36. Employees involved in the discrimination described herein were at all times employees, agents, or representatives of the Defendant and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

## VIII.
## DAMAGES

37. Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, he is entitled to recover at least the following legal damages:

   a) Lost wages, past and future;

   b) Compensatory Damages, including Mental Anguish, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life suffered in the past, and which, in all reasonable probability, which will be suffered in the future;

   c) Pecuniary losses;

   d) Reasonable attorney fees, expert fees and costs;

   e) Based upon the above enumerated damages, the Plaintiff pleads for actual damages for the above damage elements in an amount the jury deems reasonable;

## IX.

## ADMINISTRATIVE FILINGS

38. Plaintiff filed his original verified complaint with the Equal Employment Opportunity Commission and the Texas Workforce Commission Civil Rights Division dually alleging that the Defendant had committed and unlawful employment action against Plaintiff.

39. Plaintiff subsequently filed an amended charge

40. Thereafter, Plaintiff received a "Notice of Suit" from the EEOC on both charges, giving Plaintiff notice of his right to sue Defendant within 90 days of its receipt, attached hereto as **Exhibit "A" and Exhibit "B"**. Plaintiff timely filed his Plaintiff's Original Complaint.

## X.
## ATTORNEY FEES

41. Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining counsel. Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

a) Preparation and trial of the claim, in an amount the jury deems reasonable;

b) Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

c) An appeal to the Court of Appeals, in an amount the jury deems reasonable;

d) Making or responding to an Application for Writ of Error to the Supreme Court, and attorneys' fees in the event that application for Writ of Error is granted, in an amount the jury deems reasonable; and

e) Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XI.
## JURY DEMAND

42. Plaintiff further demands a trial by jury. A jury fee has been tendered.

## XII.
## PRAYER FOR RELIEF

WHEREFORE, Ruben Martinez requests Defendant South San Antonio Independent School District, be cited to appear and answer, and that on final trial, Martinez have judgment against SSAISD and any other relief to which he is entitled

Respectfully Submitted,

PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Road,
Suite 109
San Antonio, Texas 78229-3550
Telephone: (210) 212-7979
Facsimile: (210) 212-5880


BY:  /s/ *Alan Braun*

ADAM PONCIO
STATE BAR NO. 16109800
THOMAS N. CAMMACK, III
STATE BAR NO. 24073762
ALAN BRAUN
STATE BAR NO. 24054488

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

  I certify that a copy of this document has been served in accordance with the Federal Rules of Civil Procedure on the 11th day of July, 2018 to the following interested parties:

D.Craig Wood
Stacy Tuer Castillo
Walsh, Gallegos, Treviño, Russo & Kyle P.C.
1020 N.E. Loop 410, Suite, 450
San Antonio, Texas 78209
(210) 979-663
(210) 979-7024

**ATTORNEYS FOR DEFENDANT SSAISD**